**UNITED STATES of America,**
**Appellee,**

v.

**Shateek GREEN, Defendant–Appellant.**

**No. 00–1460.**

United States Court of Appeals,
Second Circuit.

Aug. 2, 2001.

---

Kevin J. Keating, Esq., Garden City, NY, for appellant.

Andrew J. Frisch, Assistant United States Attorney; Loretta E. Lynch, United States Attorney for the Eastern District of New York, Peter J. Norling, on the brief Brooklyn, NY, for appellee.

Present WALKER, Chief Judge, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Shateek Green appeals from a June 2, 2000 judgment of the United States District Court for the Eastern District of New York (Eugene K. Nickerson, *District Judge*), convicting him, following a jury trial, of conspiring and attempting to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951, and one count of aiding and abetting the use or carrying of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). Green was sentenced to 170 months' imprisonment, followed by three years' supervised release, and special assessments. On appeal, Green contends principally that he was denied due process by constructive amendment to the indictment.

On July 24, 1997, officers from the New York City Police Department responded to

a report of an attempted robbery and stabbing at the Zion Health Food Store in Brownsville, Brooklyn. Delroy Durham, the owner of the store, was stabbed during the robbery, and his girlfriend, Necho Nicholas ("Mecca"), who was Green's former girlfriend, was present during the robbery. The prosecution theory was that Green, motivated by revenge against Durham for stealing his girlfriend, along with Peter Muslija, forcibly entered the store. When Durham attempted to defend himself, Green and Muslija stabbed him multiple times causing serious physical injury. After the attack, several small bags of marijuana were found inside the store.

Count Two of the superseding indictment charged that Green "did knowingly and intentionally attempt to obstruct, delay and affect commerce and the movement of articles and commodities in interstate commerce by robbery of owners and employees of Zion Health Foods, Brooklyn, New York." Green asserts that the court constructively amended the indictment when it charged the jury that the "interstate commerce" element of Count Two would be satisfied if the "object of the alleged attempt was, in whole or part, robbery of marijuana or marijuana proceeds."

Where an indictment can "fairly be read" to encompass the criminal conduct that the government proved at trial, we will not find constructive amendment. *Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). The language in the indictment referring to robbery of "owners and employees" is sufficiently broad to include robbery of drugs or proceeds of drug sales by employees of the Zion Health Food Store. There is ample evidence in the record that the employees of Zion were engaged in marijuana commerce. Therefore, we find no constructive amendment here.

Even if we were to assume that the evidence presented by the government at trial substantially shifted the government's theory of proof, such a variance would be subject to harmless error analysis. *See United States v. Weiss*, 752 F.2d 777, 787 (2d Cir.1985). In assessing whether the defendant was "substantial[ly] prejudice[d]," we must ask whether he had notice of the "core criminality to be proven at trial." *United States v. Wallace*, 59 F.3d 333, 338 (2d Cir.1995). Here, the defendant is not able to demonstrate the necessary "substantial prejudice," because there is no doubt that the defendant was on notice that the prosecution could establish a jurisdictional nexus with interstate commerce by reference to drug sales. Therefore, any variance was harmless.

We have considered appellant's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.